Filed Sept. 28, 1893.

———————◆———————

No. 16,819.

LEWISVILLE NATURAL GAS COMPANY *v.* STATE, EX REL. REYNOLDS.

| | |
|---|---|
| 135 | 49 |
| 140 | 119 |
| 140 | 602 |
| 142 | 545 |
| 135 | 49 |
| 157 | 166 |
| 157 | 167 |
| 135 | 49 |
| 164 | 166 |
| 164 | 167 |
| 135 | 49 |
| 168 | 84 |
| 168 | 85 |

NATURAL GAS.—*Regulation of Price.— Statute Construed.— Case Overruled.*—The act of March 7, 1887 (Elliott's Supp., section 800), does not confer upon municipal corporations the power to regulate the price at which natural gas shall be furnished, and such corporations have no such power. *City of Rushville* v. *Rushville Natural Gas Co.*, 132 Ind. 575, overruled.

From the Henry Circuit Court.

*J. M. Morris* and *M. E. Forkner*, for appellant.

*A. G. Smith*, Attorney-General, *B. K. Elliott*, *W. F. Elliott*, *J. Brown* and *W. A. Brown*, for appellee.

COFFEY, J.—The appellant is a corporation duly organized under the laws of this State, and was, at the time of the commencement of this suit, and had been for a long time prior thereto, engaged in the business of supplying natural gas to the citizens of Lewisville, Indiana, for use as fuel and lights.

On the 15th day of August, 1892, the town of Lewisville, which is an incorporated town, by its trustees, passed an ordinance, by the terms of which the appellant was prohibited from charging a greater sum than one dollar per month for furnishing natural gas for a cooking stove during the months of May, June, July, August, and September. Prior to that time, the appellant had been supplying the relator with gas, to be used in his cook stove, but, upon the refusal of the relator to pay the charges fixed by the appellant, it refused to supply him.

He tendered it the sum fixed by the ordinance, and demanded that the appellant should furnish him with gas at the price fixed, but the company refused to do so, and thereupon this suit was instituted to compel the appellant, by *mandamus*, to furnish gas at the price fixed by the ordinance of the town.

The relator having succeeded in the court below, this appeal is prosecuted for the purpose of reversing the judgment of the circuit court on account of alleged errors in the proceedings in that court.

The controlling question in the case relates to the power of the town to fix, by ordinance, the price at which the appellant shall supply the citizens with natural gas.

It is contended by the relator:

*First.* That the town possesses such power at common law, and

*Second.* That such power is conferred by the statutes of the State; while the appellant contends that no such

power exists, either under the rules of the common law, or the statutes of the State of Indiana.

It is safe to assert, we think, that in this State municipal corporations possess no power except such as is conferred upon them by statute, either in express terms or by necessary implication.

Judge Dillon, in his work on Municipal Corporations (4th ed.), section 89, says: "It is a general and undisputed proposition of law that a municipal corporation possesses and can exercise the following powers, and no others:

"*First.* Those granted in express words.

"*Second.* Those necessarily or fairly implied in or incident to the powers expressly granted.

"*Third.* Those essential to the declared objects and purposes of the corporation—not simply convenient, but indispensable.

"Any fair, reasonable doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied."

In the case of the *City of Anderson* v. *O'Conner*, 98 Ind. 168, it was said by this court: "Doubtless, it is true, as appellant's counsel claim, that a municipal corporation can only exercise such powers as are conferred upon it by the laws under which it is incorporated. But where the power to do an act is conferred upon the city, and the law is silent as to the manner of doing such act, the city authorities are necessarily clothed with a reasonable discretion in determining how such act shall be done." See, also, Thornton's Indiana Municipal Law, 112, note 3, for a collection of the authorities upon the subject now under discussion.

It is not contended that the general statute upon the subject of incorporating towns confers upon towns, when incorporated, the power to regulate the price at which

natural gas shall be sold.   It is contended, however, that such power is conferred by an act of the General Assembly, approved March 7, 1887.   Elliott's Supp., section 800.

That act is as follows:

"Section 1. *Be it enacted by the General Assembly of the State of Indiana,* That the boards of trustees of towns, and the common councils of cities, in this State, shall have power to  provide by ordinance, reasonable regulations for the safe supply, distribution and consumption of natural gas within the respective limits of such towns and cities, and to require persons or companies to whom the privilege of using the streets and alleys of such towns and cities is granted for the supply and distribution of such gas to pay a reasonable license for such franchise and privilege."

The contention of the appellee is sustained by the case of the *City of Rushville* v. *Rushville Natural Gas Co.,* 132 Ind. 575.   From the conclusion reached in that case, however, the writer of this opinion was compelled to dissent.   Judge MILLER took no part in the decision of that case, by reason of having decided the cause, as special judge, in the circuit court.

In construing a statute, we will look to the letter and to the statute as a whole, to the circumstances under which it was enacted, to the mischief to be remedied, and to the condition of affairs when it was enacted.   *Board, etc.,* v. *Board, etc.,* 128 Ind. 295.

The courts take judicial notice of the fact that natural gas is, in a high degree, inflammable and explosive, and so dangerous that its use may be made the subject of police regulation.   *Jamieson* v. *Indiana Natural Gas and Oil Co.,* 128 Ind. 555.

As the public safety is always the highest consideration in all legislation, it is fair to presume that when the

act under discussion was passed the General Assembly had in view the safety of the people of the State. Some police regulation, in the localities in which natural gas was to be used, in order to secure the safety of the people and their property, was an absolute necessity.

There is not a word or a syllable to be found in this act indicating that the General Assembly had in view any other purpose than that of securing the safe supply and use of natural gas. To secure the safe supply and use of natural gas is one thing, and to fix the price at which gas shall be supplied is another and quite a different thing. In our opinion, it was not the intention of the General Assembly to confer, by the act above set out, the power to regulate the price at which natural gas should be furnished. It follows that the conclusion reached in the case of the *City of Rushville* v. *Rushville Natural Gas Co.*, *supra*, was erroneous and should be overruled.

The trustees of the town of Lewisville having no power to regulate the price at which natural gas should be furnished, the ordinance in question, purporting to do so, is void upon its face; and the circuit court, for that reason, erred in overruling the demurrer to the complaint.

Judgment reversed, with directions to the circuit court to sustain the demurrer to the complaint in this cause.

Filed Sept. 19, 1893.