# CITY OF RUSHVILLE v. RUSHVILLE NATURAL GAS COMPANY.

[No. 20,386. Filed January 26, 1905.]

1. MUNICIPAL CORPORATIONS.—*Gas Companies.*—*Franchise.*—*Contract.*—Where a municipal corporation grants a franchise to a gas company to lay its pipes in the streets and to supply gas to patrons, the acceptance of such franchise by such gas company constitutes a contract, the obligation of which can not be subsequently impaired by any action of such municipal corporation, in the absence of legislative authority therefor. p. 165.

2. SAME.—*Gas Companies.*—*Rates.*—In the absence of legislative authority or of a reservation in the franchise, a municipal corporation has no power to regulate the rates at which gas shall be sold by a gas company operating within such municipality. p. 166.

3. JUDGMENT.—*Res Judicata.*—*Law of the Case.*—The doctrine of *res judicata*, as applied to a subsequent appeal of the same case, is limited to the decision of the points necessary to a determination of the former appeal. p. 166.

4. MUNICIPAL CORPORATIONS.—*Power to Regulate Price of Gas.*—An ordinance of a municipal corporation passed without the consent of a

gas company, purporting to regulate the price at which gas shall be sold by such gas company operating within such city, is void where no power was reserved in the franchise and where such company did not accept such ordinance. p. 167.

From Rush Circuit Court; *John L. Rupe,* Special Judge.

Action by the Rushville Natural Gas Company against the City of Rushville. From a decree for plaintiff, defendant appeals. *Affirmed.*

*Young & Young* and *Forkner & Forkner,* for appellant.
*Ben L. Smith, Claude Cambern* and *D. L. Smith,* for appellee.

MONTGOMERY, J.—The appellee is occupying the streets and public places of the city of Rushville, and supplying its inhabitants with natural gas, under a franchise granted for that purpose by said city by an ordinance duly passed on the 19th day of July, 1889. This ordinance, known as No. 26, imposes no restrictions or limitations upon appellee with respect to the rate to be charged consumers for such gas, or as to the method by which the price is to be ascertained and fixed. On August 13, 1890, appellant city duly passed another ordinance, known as No. 30, granting generally to any corporation, firm, company or individual a franchise to supply said city and its inhabitants with natural gas upon compliance with terms and conditions set forth at length in said ordinance. On May 16, 1899, said city duly passed another ordinance, known as No. 73, amending section ten of ordinance No. 30, providing for the use of meters for the measurement of gas consumed, and limiting the charge therefor to fifteen cents per thousand feet. This action was brought by appellant to enjoin appellee from increasing its rates and charging consumers of natural gas in excess of the maximum price fixed by the provisions of said ordinances No. 30 and No. 73. The cause was tried, a special finding of facts made, with a conclusion of law, a motion for a new trial overruled, and judgment rendered for appellee.

The questions presented to this court arise upon appellant's exception to the conclusion of law, and to the court's ruling upon the motion for a new trial.

The special finding of facts is, in substance, as follows: That appellee is a corporation organized April 22, 1889, under the laws of this State, for the purpose of supplying the citizens of the city of Rushville with natural gas, and that on the 19th day of July, 1889, said city duly passed an ordinance (set forth) granting to appellee the right to use the streets of said city for such purpose; that appellee accepted said ordinance, and pursuant thereto constructed its plant, and expended in that behalf $100,000, and since the original construction has expended an additional sum of $125,000; that on the 13th day of August, 1890, said city duly passed another ordinance (fully set out), known as No. 30, purporting to regulate and prescribe the terms on which any gas company might occupy the streets of the city. Section ten of this ordinance fixed maximum rates to be charged per month for natural gas for stoves and heaters for dwellings and for stores; that on the 16th day of May, 1899, said city duly passed another ordinance (fully set out), known as No. 73, amending section ten of said ordinance No. 30. This ordinance also fixed maximum rates to be charged, and also provided for the use of meters, and prohibited a charge in excess of fifteen cents per thousand feet for fuel gas; that at the commencement of this action appellee was furnishing some of its patrons fuel gas at the old "flat rate," but was intending to discontinue the same as fast as practicable, and furnish gas by meter measurement only, at a charge of twenty-five cents per thousand feet; that since the taking effect of ordinance No. 73, appellee has extended its mains an aggregate distance of 3,878 feet; that appellee began the use of meters in December, 1895, and charged its patrons for gas consumed at the rate of fifteen cents per thousand feet; that said ordinances No. 30

and No. 73 were passed without the knowledge or consent of appellee, and neither of them was ever accepted by it, but on the 18th day of September, 1899, appellee notified appellant, in writing, that it refused to accept said ordinance No. 73. Upon these facts, the court stated, as a conclusion of law, that appellee is not bound by either said ordinance No. 30 or said ordinance No. 73, and that appellee should recover costs. Judgment was rendered accordingly. Did the court err in this conclusion of law?

In the case of the *City of Rushville* v. *Rushville Nat. Gas Co.* (1892), 132 Ind. 575, 15 L. R. A. 321, the ordinance of July 19, 1889, granting the franchise under which appellee is operating, was under consideration, and its validity settled. The conclusion of the court in that case is in these words: "No other objection has been urged to the validity of the ordinance, and we know of none. We regard it as valid."

1. Appellee accepted the provisions of this ordinance, adjudged and conceded to be valid, and constructed its plant at a cost of $100,000, to fulfil the purpose of its creation. The acceptance by appellee of the privileges granted by appellant in this ordinance constituted a contract equally binding upon both parties, and when acted upon rights became vested, and its provisions became secure against impairment by any subsequent municipal action. *City of Indianapolis* v. *Consumers Gas Trust Co.* (1895), 140 Ind. 107, 27 L. R. A. 514, 49 Am. St. 183; *Westfield Gas, etc., Co.* v. *Mendenhall* (1895), 142 Ind. 538; *Michigan Telephone Co.* v. *City of St. Joseph* (1899), 121 Mich. 502, 80 N. W. 383, 47 L. R. A. 87, 80 Am. St. 520; *State, ex rel.,* v. *Corrigan, etc., St. R. Co.* (1884), 85 Mo. 263, 55 Am. Rep. 361; *City of Burlington* v. *Burlington St. R. Co.* (1878), 49 Iowa 144, 31 Am. Rep. 145; *City of New Orleans* v. *Great Southern, etc., Co.* (1888), 40 La. Ann. 41, 3 South. 533, 8 Am. St. 502; *Baltimore Trust, etc., Co.* v.

*Mayor, etc.* (1894), 64 Fed. 153, 159; *City R. Co.* v. *Citizens St. R. Co.* (1897), 166 U. S. 557, 17 Sup. Ct. 653, 41 L. Ed. 1114.

·2.    In the case of the *City of Rushville* v. *Rushville Nat. Gas Co., supra,* it was held by this court that the act of March 7, 1887 (Acts 1887, p. 36), empowered cities to exercise a reasonable control over the price which may be charged consumers of natural gas; and that, inasmuch as ordinance No. 26 is silent as to rates, appellant city could by a subsequent ordinance provide reasonable limits upon the rates to be charged for gas by appellee.    This part of the decision was expressly overruled in the case of *Lewisville Nat. Gas Co.* v. *State, ex rel.* (1893), 135 Ind. 49, 21 L. R. A. 734.

3.    Appellant contends that, notwithstanding the overruling of that decision in a later case between other parties, the decision is still binding upon the parties to this action, and is the law of this case.    No plea of *res adjudcata* was filed in this action, but, as above stated, appellant contends that the principle of law of the case applies without a plea. That principle, when applicable to a subsequent appeal of the same case, is limited to decisions on a prior appeal on points necessary to a determination of the cause.    *Forgerson* v. *Smith* (1885), 104 Ind. 246; *Findlay* v. *Trigg* (1887), 83 Va. 539, 3 S. E. 142; *Dilworth* v. *Curts* (1891), 139 Ill. 508, 29 N. E. 861.    The appeal in the case of the *City of Rushville* v. *Rushville Nat. Gas Co., supra,* was taken from an interlocutory order overruling a motion to dissolve a temporary restraining order.    The restraining order was in the following language:    "It is therefore adjudged by the court that the defendants, and each of them, and all persons acting by or under their authority, be and they are hereby enjoined and restrained from interfering with the plaintiff and its employes in putting in connections, service, and piping gas to its several customers over and upon the streets and alleys of said city of Rushville until

the 17th day of November, 1890, and until the further order of the court." The prosecutions complained of in that action were based on sections two, four and thirteen of ordinance No. 30, and the case was affirmed on appeal, because of the invalidity of said section two, so far as it purported to affect the appellee. It is manifest that what was said in the opinion in regard to the authority of the appellant under section ten of said ordinance, to regulate prices which appellee might charge for gas supplied to its customers, was not necessary to a decision of the case, and for that reason, if for no other, is not the law of this case. No question of the power of the legislature to authorize cities to require rates for natural gas to be reasonable is involved in this appeal.

4. The passage by appellant and acceptance by appellee of ordinance No. 26 constituted a contract between them, and by the construction of the works in pursuance thereof and in reliance thereon rights were vested. This ordinance did not prescribe any limits as to charges for gas, or reserve to the city the right thereafter to do so. No alteration of or addition to the terms of the contract thus formed could be made afterwards by either party without the consent of the other. It is expressly found by the court that ordinances No. 30 and No. 73 were passed without the knowledge or consent of appellee, and that it did not accept them or either of them. It is now the settled law of this State that, under such circumstances as shown here, cities have no authority or power by subsequent ordinance or action to impose any additional restrictions regulating the price to be charged for gas furnished under such contract; and said ordinances No. 30 and 73, so far as they attempt to control the prices which appellee may charge its customers for natural gas, are illegal and void. *Lewisville Nat. Gas Co.* v. *State, supra; City of Noblesville* v. *Noblesville Gas, etc., Co.* (1901), 157 Ind. 162. It follows that the trial court did not err in its conclusion of law upon the special finding of facts.

Appellant's motion for a new trial was upon the ground

that the decision of the court is not sustained by sufficient evidence, and is contrary to law. The evidence is without substantial contradiction, and the only contention is as to the inferences to be drawn from admitted facts. We have examined the evidence with care, and the authorities cited in support of appellant's views, and are of opinion that no acceptance of ordinances No. 30 and No. 73, either express or implied, on the part of appellee, is thereby shown, but that the finding of the court is sustained by the evidence, and that the motion for a new trial was properly overruled.

The judgment is affirmed.