CITY OF RICHMOND *v.* RICHMOND NATURAL GAS COMPANY.

[No. 20,792.    Filed February 1, 1907.]

1. MUNICIPAL CORPORATIONS. — *Franchises.* — *Gas.*—*Subsequent Fixing of Prices.*—Prior to 1905, cities had no right, by subsequent ordinance, to fix the price of gas furnished to patrons within the city, where an unrestricted franchise to lay pipes in the street and supply customers with gas had been accepted and acted upon by the gas company.   p. 84.

2. SAME.—*Powers.*—*Doubts.*—Municipal corporations have only such powers as are expressly or impliedly conferred upon them by the legislature, and doubts concerning the existence of a power are resolved against such corporation.   p. 85.

3. SAME.—*Regulation of Sales of Gas.*—*Contracts.*—*Franchises.* —Under §3477 Burns 1905, cl. 36, Acts 1905, p. 219, §53, conferring upon cities the power "to fix by contract or franchise, the prices" of gas, cities have no right, by an ordinance unaccepted and unassented to, to fix the price of gas sold by a company theretofore occupying the streets and selling under an unrestricted franchise.   p. 85.

4. SAME.—*"Franchise."*—*What is.*—A "franchise," as the word is used in §3477 Burns 1905, cl. 36, Acts 1905, p. 219, §53, imports a grant, by a municipality, of the use of the streets and public places for the purpose of supplying heat, light or water.   p. 86.

5. SAME. — *Franchises.* — *Reservations of Power to Fix Gas Rates.*—A municipal corporation may lawfully reserve and exercise the right to fix the price of gas furnished by a company using its streets under a franchise granted to such company.   p. 86.

City of Richmond *v.* Richmond Nat. Gas Co.—168 Ind. 82.

6. MUNICIPAL CORPORATIONS.—*Power to Prescribe Gas Rates.*— Municipal corporations, in the absence of constitutional or statutory provisions, expressly or impliedly giving the right, have no power to prescribe rates to be charged by gas companies to their consumers.  p. 86.

From Wayne Circuit Court; *J. W. Macy,* Special Judge.

Suit by the City of Richmond against the Richmond Natural Gas Company. From a decree for defendant, plaintiff appeals. *Affirmed.*

*A. M. Gardner* and *William H. Kelley,* for appellant.
*Robbins & Starr,* for appellee.

MONTGOMERY, C. J.—Appellant brought this suit for an injunction, alleging, in substance, that appellee is a corporation organized under the laws of this State for the purpose of supplying appellant and its inhabitants with natural gas, and that, with the permission and consent of the common council of the city of Richmond, it laid mains and pipes in the streets and alleys of said city for that purpose; that the common council of said city on October 16, 1905, duly passed and adopted an ordinance, sections one and three of which read as follows:

"Section 1.   Be it ordained by the common council of the city of Richmond, that it shall be unlawful for any person, company, or corporation using and occupying the streets, alleys, lanes, avenues, or other public grounds of said city of Richmond for the purpose of supplying the citizens of said city with natural gas, and for any officer, agent, or employe of such person, company, or corporation to charge, collect, demand or receive therefor from any consumer of natural gas within the said city more than thirty cents for each 1,000 cubic feet.

Section 3.   This ordinance shall take effect from and after its passage and approval by the mayor, and publication once each week for two consecutive weeks in the Richmond Palladium, a newspaper of general circulation printed and published in said city of Richmond."

That said ordinance was duly published, and went into effect October 31, 1905, and ever since has been, and still is, in full force; that at the time of the passage and taking effect of said ordinance appellee was, and still is, occupying the streets, alleys and public grounds of appellant city, by and with the consent of its common council, for the purpose of supplying said city and its inhabitants with natural gas; that, in disregard of section one of said ordinance, appellee is threatening to, and if not restrained will, charge its patrons within said city at the rate of fifty cents per 1,000 cubic feet for gas so furnished and supplied. Appellee's demurrer to the complaint, on the ground that the facts averred were insufficient to constitute a cause of action, was sustained, and, appellant declining to amend, appellee recovered judgment for costs. This ruling is assigned as error.

The sufficiency of the complaint depends upon the validity of the ordinance passed and approved October 16, 1905.

The terms and conditions upon which appellee is occupying the streets and alleys of appellant city are not disclosed by the complaint. It is averred that such occupancy was begun, and the mains and pipes laid, "with the permission and consent of the common council." For the purposes of this case, we need not determine whether the granting of such permission and the construction of the plant in pursuance thereof created a contract, but content ourselves with a reference to the law holding that, where a franchise to supply gas is granted, accepted and acted upon, without restriction as to prices, cities incorporated under the general law of this State had no authority prior to 1905, by subsequent ordinance or action, to impose additional provisions regulating prices to be charged for gas furnished under the original franchise. *City of Rushville* v. *Rushville Nat. Gas Co.* (1905), 164 Ind. 162; *City of Noblesville* v. *Noblesville Gas, etc., Co.* (1901), 157 Ind. 162; *Lewisville Nat. Gas Co.* v. *State,*

*ex rel.* (1893), 135 Ind. 49, 21 L. R. A. 734. The general assembly of 1905, in revising the statutes governing cities and towns, conferred upon cities the following, among other powers: "To license and regulate the supply, distribution and consumption of artificial and natural gas, electricity, heat and water, and to fix by contract or franchise, the prices thereof, and to regulate the laying of mains and pipes and stringing of wires, and designate the streets and alleys through which the same shall be laid and maintained; and to compel the performance of contracts for the extension of such mains, pipes and electric lines and the supply of gas, heat, water and electricity upon any street." §3477 Burns 1905, cl. 36, Acts 1905, p. 219, §53.

Appellant contends that this act empowered it to regulate prices to be charged for supplying its citizens with natural gas, and authorized the passage of the ordinance in question. It is a well-settled principle of law that municipal corporations possess only such powers as are conferred upon them by the legislature, either expressly or by necessary implication, and that, when a fair and reasonable doubt exists as to the evidence of a power claimed, it will be resolved against the municipality, and the power denied. *City of Noblesville* v. *Noblesville Gas, etc., Co., supra; Lewisville Nat. Gas Co.* v. *State, ex rel., supra.*

The statute relied upon purports to empower a city of the class to which appellant belongs to fix prices, only "by contract or franchise." When the manner in which a delegated power is to be exercised is prescribed, it must be substantially followed. A contract can arise only from the meeting or concurrence of two or more minds upon the same proposition. The complaint in this case does not attempt to show the assent of the appellee to the terms of the ordinance purporting to limit its charges.

A franchise, as the term is used in this statute, refers to a grant by the municipality of a special right or privilege

4. to use its streets, alleys and public places for the purpose of supplying heat, light or water. Such franchises are ordinarily granted by ordinance or resolution, upon prescribed terms and conditions, and for a specified term of years. The ordinance under consideration is without any of these characteristics. It neither grants a new right, nor confirms or extends an existing one, but merely seeks to impose special restrictions upon an existing right to the use of the streets and alleys of the city. Appellant did not possess the power to impose such conditions, in this manner, prior to 1905.

Appellant has cited cases arising under statutes of the states of Iowa and Ohio in support of its contention. In both of those states the authority to regulate prices to be charged for gas was expressly and clearly conferred upon the municipality by the legislature, and the cases cited are readily distinguishable from the case at bar. In the case of *Logansport, etc., Gas Co.* v. *City of Peru* (1898), 89 Fed. 185, cited in appellant's brief, it was properly held 5. that, where a municipal ordinance granting a gas franchise contained a provision reserving to the city council the right to fix the price to be charged for gas after ten years, the acceptance of such franchise by the company created a contract, by which the council at the expiration of the time stated was empowered to fix reasonable rates.

In the absence of charter authority, or other statutory or constitutional provisions, delegating the power in express terms or by necessary implication, it is the rule 6. that a municipal corporation has no power to fix by ordinance the price at which a gas company shall supply its consumers. 20 Cyc. Law and Proc., 1166, and cases there cited.

In this case it appears that the attempted regulation of prices was not done by contract, or in connection with the granting or acceptance of a franchise, and the legislature

has not delegated to appellant whatever authority to regulate prices of gas it may possess in the premises, to be exercised in any other manner. It follows that the ordinance relied upon is invalid as against appellee, and the demurrer to the complaint was rightly sustained.

The judgment is affirmed.