GRACE STRONG AND LEWIS STRONG, HUSBAND AND WIFE *v.* COMMERCIAL CARPET CO., INC. AND KENNETH BULLINGTON.

[No. 1-973A170. Filed February 4, 1975. Rehearing granted in part and denied in part March 27, 1975. Transfer denied November 25, 1975.]

*Gerald G. Fuchs,* of Evansville, for appellants.

*Robert H. Hahn, George A. Porch, Bamberger, Foreman, Oswald and Hahn,* of counsel, of Evansville, for appellees.

LYBROOK, J.—Plaintiffs-appellants Lewis and Grace Strong (husband and wife) appeal from a judgment on a jury verdict in favor of defendants-appellees Commercial Carpet Co. and Kenneth Bullington.

Each of Strongs' complaints were in two paragraphs, alleging breach of contract and negligence. At the conclusion of Strongs' rebuttal evidence, the trial court sustained Commercial's motion for judgment on the evidence as to the contractual theory. The negligence question went to the jury, which returned a verdict for defendants.

The central issue raised in this appeal is whether the trial court erred in sustaining appellees' motion for judgment on the evidence.

Appellants owned and operated a beauty salon which was attached by a hallway to their residence in Evansville. A few days prior to October 5, 1969, appellants were contacted by Commercial Carpet Co. about the possibility of purchasing new carpeting for their home. Appellants agreed to discuss the matter with a representative of Commercial, and a meet-

ing was had on October 5, during which the Strongs purchased new carpeting. Installation arrangements were made and on or about December 4, 1969, Kenneth Bullington and at least one other employee of Commercial arrived at the Strong home to install the carpeting. The testimony concerning the subsequent events is conflicting, but that evidence most favorable to appellants (the non-moving party) reveals that the carpeting was installed in the kitchen and living room without incident. However, it then became apparent that there would not be enough carpeting to complete the hallway. At about 5:00 P.M. one workman approached Mrs. Strong, who was working in the beauty shop, and informed her of the carpet shortage. It was agreed that since it would take three days to reorder and receive the additional carpeting, the workmen would return then to finish the job.

Upon their departure, the workmen left an exposed metal tacking strip nailed to the floor in the doorway between the beauty shop and the hallway. These tacking strips were used to hold the carpeting in place. They were metal with one piece nailed to the floor and one piece extending up with cleats. The edge of the carpet was to be placed over the bottom piece and the top piece with cleats hammered over the carpet to hold it in place.

Mrs. Strong testified that the workmen neither informed her of this exposed tacking strip, nor warned her of the dangers of tripping over it.

The following Monday, the additional carpeting for the hall arrived. However, due to the Strongs' dissatisfaction, Commercial was unable to install it. It appears that the Strongs had decided that they disliked the color of the carpeting that had been installed in the kitchen and living room, and wanted to have that carpeting put in the bedrooms and order new green carpeting for the living room. The evidence of the occurrences of the next several days is sketchy, but on or about January 2, 1970, Mrs. Strong tripped over the tacking strip in the doorway of the beauty salon and fell. She

sustained severe back injuries and sought to recover for these injuries and resultant medical expenses.

Commercial's motion for judgment on the evidence as to the contractual theory in pertinent part read:

"For judgment, separately and severally, on Paragraph II of the complaint for the reason that:

1. The evidence is insufficient to establish a breach of contract or implied warranty on the part of the defendant Commercial Carpet Co., Inc., which was the proximate cause of the accident, injuries and damages complained of.

2. The evidence fails to establish a cause of action in contract in favor of the plaintiff against either, or both of the defendants.

3. The evidence is insufficient to establish that any breach of contract caused the accident and damages complained of.

4. The evidence establishes that the plaintiff refused, hindered and prevented performance by the defendants of their obligations under the contract.

5. The evidence fails to establish any contractual relationship between the plaintiff and the defendant Kenneth Bullington.

6. The plaintiff's wife incurred the risk of the accident, injuries and damages complained of."

In its statement prior to entry of judgment on the evidence as to the contractual claim, the trial court indicated that it was entering judgment for the first three reasons above. These three, in different ways, all state that the evidence was insufficient to establish that the Strongs had a contract action against Commercial.

The Strongs now contend that the granting of said motion was erroneous. They argue that before a trial court can sustain a motion for judgment on the evidence pursuant to Ind. Rules of Procedure, Trial Rule 50, there must either be a total absence of evidence or legitimate inferences in favor of plaintiff on the issue, or the evidence must be without conflict and susceptible of but one inference and that inference in favor of defendant. Appellants maintain that the record is replete with evidence supporting a conclusion that Commercial undertook by contract to install the carpeting; that they

left an exposed tacking strip in the hallway which caused Mrs. Strong's fall; that leaving the exposed tacking strip in place constituted a breach of the contract; and that this breach resulted in Mrs. Strong's fall. They therefore submit that it was error to sustain Commercial's motion.

In response, Commercial claims that the record is devoid of evidence which shows that a breach, if any, of the carpet contract naturally resulted in Mrs. Strong's fall and injuries. Commercial asserts that the damages sustained by the Strongs were not natural and proximate consequences of the breach (if any), and as such, cannot be said to have been within the contemplation of the parties as damages in case of breach of the contract. Commercial therefore argues that the Strongs did not have an action in contract, but rather, their action properly lay in tort.

Commercial submits that actions in tort and contract are differentiated by a determination of whether the damages resulted from nonfeasance or misfeasance. Commercial cites as authority *Flint and Walling Mfg. Co.* v. *Beckett* (1906), 167 Ind. 491, 79 N.E. 503. In *Flint,* Beckett owned a barn and contracted with Flint to construct a windmill on it. The windmill was poorly constructed and fell, damaging plaintiff's barn and contents. Beckett sued, alleging both breach of contract and negligence. Flint defended, claiming the action was one in contract and not tort. Beckett recovered on the tort theory, and the Supreme Court commented as follows:

". . . It is, of course, true that it is not every breach of contract which can be counted on as a tort, and it may also be granted that if the making of a contract does not bring the parties into such a relation that a common-law obligation exists, no action can be maintained in tort for an omission properly to perform the undertaking. It by no means follows, however, that this common-law obligation may not have its inception in contract. If a defendant may be held liable for the neglect of a duty imposed on him independently of any contract, by operation of law, *a fortiori*, ought he to be liable where he has come under an obligation to use care as the result of an undertaking founded on a consideration.

"Where the duty has its roots in contract, the undertaking to observe due care may be implied from the relationship, and should it be the fact that a breach of the agreement also constitutes such a failure to exercise care as amounts to a tort, the plaintiff may elect, as the common-law authorities have it, to sue in case or in assumpsit. . . ." 167 Ind. at 498.

Commercial further argues that the contract in the case at bar served only to create a relationship between the parties which allegedly led to the breach by Commercial of a common law duty. The action, according to Commercial, is therefore a tort action and the trial court did not err in granting the judgment on the evidence as to the contract action. We cannot agree.

By sustaining Commercial's motion for judgment on the evidence as to Strongs' actions in contract, the trial court effectively forced the Strongs to elect the tort remedy and precluded recovery on the contract theory. While this may be an appropriate result in a proper case, it does not so appear here.

Although the authority on the subject is minimal, it is apparent that in a situation such as that here, the plaintiff *may* elect to bring an action in tort rather than contract, but such an election is not mandatory.

The line of division between tort and contractual liability developed early and has persisted despite the ridicule the distinction receives. The distinction most prevalent is that of nonfeasance and misfeasance. This distinction draws a seemingly valid line between the complete non-performance of a promise, which is said to be only a matter of contract, and a defective performance, which *may* also be a matter of tort. It is generally held that where the defendant has done something more than remain inactive and is charged with a misfeasance, the plaintiff *may* seek recovery in tort. See, Prosser, *Law of Torts* § 92 (4th Ed. 1971) ; and *Flint & Walling Mfg. Co.* v. *Beckett, supra.* However, it does not follow, nor can any authority be found in

support of the proposition that if both remedies are available to a plaintiff, he must proceed in tort. Ind. Rules of Procedure, Trial Rule 8, expressly permits a plaintiff to seek relief on more than one theory, allowing him to plead as many separate causes of action as he desires, or to plead in the alternative. Thus, it was entirely proper for the Strongs to seek recovery in both tort and contract.[1] See, 1 Harvey, *Indiana Practice* 484 (1969).

Having determined the propriety of bringing an action in both tort and contract, the question of the propriety of sustaining Commercial's motion remains.

The standard of appellate review of a trial court's action of sustaining a motion for judgment on the evidence (or motion for directed verdict) was discussed by Judge Buchanan in *Jones* v. *Indianapolis Power & Light Co.* (1973), 158 Ind. App. 676, 304 N.E.2d 337, (trans. denied) wherein he quoted from *Mamula* v. *Ford Motor Co.* (1971), 150 Ind. App. 179, 275 N.E.2d 849:

> " 'On appeal we will consider only the evidence most favorable to the party against whom the Motion for Directed Verdict was made and all reasonable inferences from such evidence. (Citations omitted.)'

> "The quantum of evidence necessary for a plaintiff to avoid a directed verdict at the close of his evidence has been determined by our Supreme Court to *be any evidence or legitimate inference therefrom tending to support at least one of the plaintiff's allegations.* Specifically, our Supreme Court held in *Hendrix* v. *Harbelis* (1967), 248 Ind. 619, 623, 230 N.E.2d 315, 318, that:

> > " 'It is only where there is a *total absence of evidence* or legitimate inferences in favor of plaintiff upon the issues, or where the evidence is without conflict and is susceptible of but one inference and that inference in favor of the defendant, that the court may give a peremptory instruction * * *' (Emphasis supplied.)"

In the present case, evidence exists which, when viewed most favorable to the non-moving party, the Strongs, sup-

---

1. If breach of contract was not a proper remedy, Commercial's TR. 12 (B)(6) motion should have been sustained. However, it was overruled and Commercial has not asserted this as error.

ports a finding that the Strongs did have a contractual remedy against Commercial. As shown above, it is not necessary for purposes of this appeal, that the evidence supporting the contractual claim be convincing or uncontradicted, but only that there be some evidence or inference supporting a conclusion that the essential elements of a contract action are present. The essential elements of a contractual action may be categorized as follows: (1) a valid and binding contract; (2) performance by the complaining party; (3) non-performance or defective performance by the defendant; and (4) damages arising from defendant's breach. 6 I.L.E. *Contracts* § 237 p. 273. Unless there is evidence in support of each of these four elements, it cannot be said that the trial court erred in sustaining Commercial's motion.

Without question, there was a valid and binding contract between the Strongs and Commercial. Additionally, the record supports an uncontradicted conclusion that the Strongs performed their obligation under the contract and that Commercial did not complete the installation of the carpeting as required by the contract. Commercial's defective performance included the leaving of a metal tacking strip in the doorway leading from Strongs' residence to the attached beauty shop. Further, there is substantial evidence as to the damages suffered by the Strongs as a result of Mrs. Strong tripping and falling over the tacking strip.

Thus, the record supports the conclusion that the Strongs presented evidence in support of each element of their contractual claim against Commercial. We therefore conclude that the trial court erred in granting Commercial's motion for judgment on the evidence as to this claim. This result is reached irrespective of the evidence supporting a finding that the Strongs inhibited or prohibited Commercial's performance. That question, as well as the question of whether the injury suffered was a natural and proximate result of Commercial's breach which can fairly be

said to have been within the contemplation of the parties at the time the contract was entered[2] are questions of fact to be resolved by the jury.

For reasons stated, the judgment of the trial court must be reversed and appellants granted a new trial.

Judgment reversed.

Robertson, C.J. and Lowdermilk, J., concur.

## ON PETITION FOR REHEARING

LYBROOK, J.—In order to clarify the ruling of this court in our original opinion in this cause, we deem it necessary to issue a written opinion on defendants-appellees' petition for rehearing.

Our opinion, reported at 163 Ind. App. 145, 322 N.E.2d 387, declared that pursuant to prior case law and existing rules of pleading and procedure, it was entirely proper for appellants to seek relief on alternative theories of breach of contract and negligence. We also held that since appellants had presented evidence on each element of their contractual claim it was reversible error for the trial court to sustain petitioner's motion for judgment on the evidence as to the contract theory. Accordingly, we reversed the judgment of the trial court and ordered a new trial. In doing so, however, it was not the intention of this court to order a new trial upon the theory of negligence. Inasmuch as the record supported the jury verdict for petitioners on the count of negligence, judgment thereon in favor of petitioners should have been and is hereby affirmed.

Cause remanded for trial upon the breach of contract theory

---

2. The generally accepted measure of damages for breach of contract as enunciated in the well-known case of *Hadley* v. *Baxendale* (1854), 9 Ex. 341, 156 Eng. Rep. 145 are those such as may reasonably be supposed to have been in the contemplation of the parties at the time the contract was entered, as the probable result of its breach. Thus, for Strongs to recover, the jury must find that the damages suffered were within the contemplation of the parties.

only. In all other respects, petitioners' request for rehearing is denied.

Robertson, C.J. and Lowdermilk, J., concur.