Lloyd N. HUFF, as Trustee of the Elihu W. Huff Trust, Lloyd N. Huff as Beneficiary of the Elihu W. Huff Trust and Edith Ham, by her Duly Authorized Attorney–In–Fact, John Ham, as Beneficiary of the Elihu W. Huff Trust, Appellants/Plaintiffs,

v.

Maxine HUFF

and

In the Matter of the Supervised Administration of the Estate of Wayne E. Huff, Deceased, Appellees/Defendants.

No. 77A01–0803–CV–101.

Court of Appeals of Indiana.

Oct. 31, 2008.

Jeffrey B. Kolb, Christopher Michael Ripley, Emison Doolittle Kolb & Roellgen, Vincennes, IN, Attorneys for Appellants.

Jennifer J. Hawkins, Hawkins Law PC, Sullivan, IN, Attorney for Appellees.

## OPINION ON REHEARING

BROWN, Judge.

Maxine Huff and the Estate of Wayne Huff ("Wayne's Estate") petition for rehearing of a published opinion in which we reversed the trial court's grant in part of the motion for summary judgment filed by Maxine and Wayne's Estate and affirmed the trial court's judgment in favor of Lloyd N. Huff, as trustee of the Elihu W. Huff Trust, Lloyd N. Huff, as beneficiary of the Elihu W. Huff Trust, and Edith Ham, now deceased, by her duly authorized attorney-in-fact, John Ham, as beneficiary of the Elihu W. Huff Trust (collectively "Beneficiaries"). *Huff v. Huff*, 892 N.E.2d 1241 (Ind.Ct.App.2008).

The relevant facts, as stated in our decision, follow:

> On May 12, 1981, Elihu W. Huff executed the Elihu W. Huff Revocable Living Trust Agreement ("Elihu Trust") naming his son, Wayne E. Huff, as Trustee. Elihu conveyed two parcels of real estate to the trust: one parcel consisting of roughly forty-five acres and another, smaller parcel containing Elihu's residence. By the terms of the trust agreement, Wayne was authorized to manage the trust principal and pay income at least annually to Elihu. Upon Elihu's death, the trust was to terminate with the principal to be divided equally among Elihu's children, Wayne, Edith, Lloyd, and Lucille Stewart.[1]
>
> On December 2, 1985, Wayne, as Trustee of the Elihu Trust, conveyed the forty-five acre parcel to himself and his wife, Maxine, "in consideration of the sum of one dollar ... and other valuable consideration." Appellant's Appendix at

64. On March 13, 1997, Elihu died. At his death, the only remaining asset in the trust was Elihu's residence, which Wayne sold to his daughter, Pamela S. Irvin, at a public auction in September 1997. From the $17,633.69 net proceeds from this sale, Wayne paid Elihu's funeral expenses and one of Elihu's creditors and put the rest, $11,575.19, in a non-interest bearing checking account. Wayne died on June 2, 2005, without ever having distributed the trust assets to the beneficiaries.

On January 17, 2006, the trial court appointed Pamela as personal representative of Wayne's Estate and, on January 25, 2006, appointed Lloyd as successor trustee of the Elihu Trust. On January 26, 2006, the Beneficiaries filed a complaint against Wayne's Estate for breach of trust and fraud concerning Wayne's 1985 conveyance of the forty-five acre parcel as well as Wayne's failure to distribute the net proceeds from the sale of the residence after Elihu's death in 1997. The Beneficiaries also filed a complaint against Maxine seeking to impose a constructive trust on the forty-five acre parcel. The trial court consolidated the two actions, and, on May 17, 2006, Maxine and Wayne's Estate filed a motion for summary judgment arguing that the statute of limitations barred the Beneficiaries' claims. After a hearing, on May 17, 2007, the trial court granted the motion in part and entered the following order:

\*     \*     \*     \*     \*     \*

15. More than twenty (20) years have passed since the alleged breach, the Real Estate Conveyance, occurred.

16. More than nine (9) years have passed since Elihu W. Huff's death.

---

1. Lucille Stewart is not a party to this cause.

17. The applicable statute of limitations for breach of trust is two (2) years.

18. The applicable statute of limitation for fraud is six (6) years.

19. The [Beneficiaries] have presented no facts sufficient to toll the statute of limitation in this case with respect to the real estate transaction of December 2, 1985.

20. The [Beneficiaries'] Complaints are barred by the statute of limitations as to the real estate transaction.

21. There are no genuine issues of material fact as to the real estate transaction in 1985, and, therefore, the Estate is entitled to a partial summary judgment as a matter of law regarding the 1985 real estate transaction.

22. There remain genuine issues of material fact as to whether Wayne Huff breached his duties as Trustee by failing to distribute the corpus of the trust following the death of [Elihu] and failing to invest said proceeds in an account other than an interest bearing account and, therefore, the Summary Judgment Motion is denied with respect to those issues in the Estate Claim action....

23. There is no genuine issue of material fact and Defendant Maxine Huff is entitled to judgment as a matter of law with respect to [the action against Maxine].

Appellant's Appendix at 13–14. Thus, the Beneficiaries' only remaining claim after the trial court granted the motion for summary judgment in part was against Wayne's Estate for breach of trust concerning Wayne's failure to dis-

tribute the corpus of the Elihu Trust after Elihu's death in 1997.

The Beneficiaries filed a motion to certify the trial court's order for interlocutory appeal, which the trial court granted. On July 24, 2007, this court denied the Beneficiaries' motion requesting this court to accept jurisdiction of the interlocutory appeal. At a bench trial in November 2007 on the Beneficiaries' remaining claim against Wayne's Estate, the trial court sustained the objections of Maxine and Wayne's Estate to the admission of any evidence concerning the value of the forty-five acre parcel both in 1985 and at Wayne's death in 2005. Edith's son, John Ham, testified that Edith had died a "little over a year" earlier. *Id.* at 36. During closing arguments, Maxine and Wayne's Estate argued for the first time that the Beneficiaries' remaining claim should be barred by the doctrine of laches. The trial court allowed the claim in the sum of $2,266.58 [2] for Wayne's breach of trust in failing to distribute the Elihu Trust principal at Elihu's death and also awarded the Beneficiaries $2,000 in attorney fees.

*Id.* at 1244–1245.

On appeal, we held that Wayne, as trustee of the Elihu Trust, had a duty to disclose to the Beneficiaries the material facts of the 1985 conveyance. As there remained questions of fact as to whether Wayne made those disclosures, we reversed the trial court's grant of summary judgment concerning the 1985 conveyance. *Id.* at 1248. We also rejected the argument of Maxine and Wayne's Estate that the Beneficiaries' breach of trust claim concerning Wayne's failure to distribute the trust corpus after Elihu's death was barred by the doctrine of laches. We held

2. $2,266.58 represents the amount of interest the proceeds from the sale of the residence would have yielded if Wayne had properly invested them.

that, because laches and estoppel are affirmative defenses, the failure of Maxine and Wayne's Estate specifically to plead them waived the defenses under Ind. Trial Rule 8(C). *Id.* at 1249. Thus, we affirmed the trial court's judgment in favor of the Beneficiaries on this issue.

On rehearing, Maxine and Wayne's Estate argue that we erred when we stated that Maxine *and* Wayne's Estate failed to plead the affirmative defenses and raised them for the first time at trial. Maxine and Wayne's Estate furnish us with a copy of Maxine's answer to the Beneficiaries' complaint revealing that she did, in fact, plead laches and estoppel as affirmative defenses. Petition for Rehearing Appendix at 9. This document was not made available to us on appeal. Nevertheless, we grant rehearing to revise our decision in recognition of the fact that Maxine, but not Wayne's Estate, specifically pleaded laches and estoppel in her answer to the Beneficiaries' complaint.

■ Maxine and Wayne's Estate also argue that, under Ind.Code § 29–1–14–12(a), Wayne's Estate was not required to plead the affirmative defenses of laches and estoppel before trial. Ind.Code § 29–1–14–12(a), which is part of the Indiana Probate Code, provides in relevant part: "When any claim is transferred for trial, it shall not be necessary for the personal representative to plead any matter by way of answer, except a set-off or counterclaim, to which the plaintiff shall reply." " 'Claims' includes liabilities of a decedent which survive, whether arising in contract or in tort or otherwise...." Ind.Code § 29–1–1–3. Thus, as the Beneficiaries brought a breach of trust claim against Wayne's Estate in accordance with the Indiana Probate Code, rather than against the trustee himself, we conclude that Maxine and Wayne's Estate correctly note that the personal representative of Wayne's

Estate was not required specifically to plead the affirmative defenses of laches and estoppel. Consequently, we vacate that portion of our earlier opinion holding that Wayne's Estate had waived these defenses, and we will address the original argument raised by Maxine and Wayne's Estate on cross appeal that the Beneficiaries' breach of trust claim concerning Wayne's failure to distribute the trust corpus after Elihu's death in 1997 was barred by the defenses of laches and estoppel.

■ In order to establish laches, Maxine and Wayne's Estate had to show the following elements: "1) inexcusable delay in asserting a right; 2) implied waiver from knowing acquiescence in existing conditions; and 3) prejudice to the defendant due to the delay." *Lincoln Nat'l Bank v. Shriner's Hosps.*, 588 N.E.2d 597, 600 (Ind.Ct.App.1992). The party raising laches has the burden of proof by a preponderance of the evidence. *Id.* (citing *Clay v. State*, 508 N.E.2d 800, 803 (Ind.1987)). Maxine and Wayne's Estate attempt to satisfy the elements of laches by citing to portions of Lloyd's testimony showing that: (1) Lloyd was present at the auction when the residence held in the Elihu trust was sold to Wayne's daughter; (2) Lloyd knew that the residence was a trust asset and that the proceeds from the sale would be, too; and (3) Lloyd took no legal action to enforce the trust until after Wayne died in 2005. Maxine and Wayne's Estate further claim that they were prejudiced by Lloyd's delay in enforcing the trust because this delay lengthened the time during which Wayne failed to invest the proceeds in accordance with his duties as trustee and thus "let damages mount." Appellee's Brief at 19.

Our review of the record reveals that Lloyd knew about the Elihu trust only "by word of mouth" from someone in the family. Transcript at 112. Wayne never ex-

plained the terms of the trust to Lloyd or showed him any documents related to the trust. Whenever anyone asked Wayne about the trust, he became "upset" and grew silent. *Id.* at 121. Lloyd was under the impression that he "wasn't getting anything," until after Wayne's death in 2005, when Maxine asked him if her daughter could serve as trustee. *Id.* at 113. Then, Lloyd became "suspicious," asking himself: "why does she want [her daughter] to settle my father's estate when I'm the son?" *Id.* at 114. When Lloyd asked Maxine for a copy of the trust instrument, she at first refused to show it to him, but later acquiesced. Lloyd, realizing then the full extent of the trust assets as well as his rights as beneficiary, petitioned to have himself declared successor trustee. When asked at the final hearing why he had not filed suit until then, Lloyd responded: "My brother was trustee of my dad's estate [sic]. I trusted him one hundred percent, all my life, until he died. And after about sixty days ... after his death I have found out everything that he's done." *Id.* at 116.

In sum, Lloyd was unaware of his rights as beneficiary of the Elihu trust, much less that Wayne had failed as trustee to invest the proceeds from the sale of the residence. Even assuming that Lloyd's failure to bring a claim any sooner against Wayne for breach of trust could have prejudiced Maxine and Wayne's Estate, we cannot say that Lloyd impliedly waived Wayne's breach of trust by knowing acquiescence in existing conditions. Accordingly, the trial court did not err when it rejected the theory that Lloyd's claim against Wayne's Estate was barred by the defenses of laches and estoppel. *See, e.g., Quigley v. Ackerman,* 123 Ind.App. 660, 674, 110 N.E.2d 753, 757 (1953) ("From the entire record in this case it does not appear that the appellee executor was guilty of laches and therefore estopped to assert the interest of

Rado Cozart in the estate of Lee Cozart as set forth in his intervening petition.").

We grant rehearing and revise our original opinion as set forth herein. The result of the appeal is not changed, and we affirm our original opinion in all other respects.

BAKER, C.J., and MATHIAS, J., concur.