FILED

Dec 11 2017, 8:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Kevin W. Vanderground
Church, Church, Hittle & Antrim
Merrillville, Indiana

Rick C. Gikas
Merrillville, Indiana

ATTORNEYS FOR APPELLEES

John E. Hughes
Kevin G. Kerr
Hoeppner Wagner & Evans LLP
Valparaiso, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| U.S. Research Consultants, Inc., *Appellant-Plaintiff,* <br><br> v. <br><br> The County of Lake, Indiana; Board of Commissioners of the County of Lake, Indiana, in their official capacities; and the Lake County Treasurer, in his official capacity, <br><br> *Appellees-Defendants* | December 11, 2017 <br><br> Court of Appeals Case No. 45A05-1704-CC-902 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable John M. Sedia, Judge <br><br> Trial Court Cause No. 45D01-1602-CC-20 |

**Crone, Judge.**

# Case Summary

[1] U.S. Research Consultants, Inc. ("USRC"), entered into a contract ("the Contract") with the County of Lake, Indiana; Board of Commissioners of the County of Lake, Indiana, in their official capacities; and the Lake County Treasurer, in his official capacity (collectively "the County"), pursuant to which USRC agreed to provide collection services for delinquent real property taxes on behalf of the County and the County agreed to pay USRC a commission based on a percentage of the delinquent monies paid to the County on the cases for which USRC provided collection services. After the County terminated the Contract, USRC filed a claim for breach of contract against the County alleging that USRC was owed over $200,000 in unpaid commissions. The trial court granted summary judgment in favor of USRC, and the County appealed. Another panel of this Court reversed the trial court's order and remanded. *Cty. of Lake v. U.S. Research Consultants, Inc.*, 27 N.E.3d 1154 (Ind. Ct. App. 2015), *trans. denied* ("*Lake County I*"). After remand, the parties filed cross-motions for summary judgment. The trial court interpreted *Lake County I* as requiring USRC to file its claims for commissions with the County when the delinquent monies were paid to the County and found that USRC failed to prove that it had filed such claims. Therefore, the trial court denied USRC's summary judgment motion and granted the County's motion. The trial court entered final judgment against USRC and in favor of the County.

[2] USRC appeals the grant of the County's summary judgment motion. USRC argues that *Lake County I* does not require USRC to prove that it filed its claims

for commissions within a specific time period. USRC also asserts that the County is not entitled to summary judgment on the basis that USRC failed to timely file its claims for commissions. Finally, USRC argues that it is entitled to prejudgment interest if it establishes that it is entitled to unpaid commissions. We agree on all three counts. Therefore, we reverse the grant of summary judgment in favor of the County and remand for a determination as to whether USRC performed the collection services required under the Contract entitling it to unpaid commissions and, if so, the amount of damages due USRC.

## Facts and Procedural History

[3] The facts necessary for the determination of the issues in this appeal follow.[1] Between 2000 and 2006, USRC and the County were parties to a series of contracts. Appellant's App. Vol. 3 at 15-20. For simplicity, we refer and cite to the Contract, effective January 1, 2005, to December 31, 2006, because the relevant language is the same in all of the contracts and most, if not all, of the remaining unpaid commissions at issue appear to be based on the Contract. Pursuant to the Contract, the County agreed to assign to USRC all of Lake County's real property tax collection cases. USRC "agreed to report directly to the Lake County Treasurer for all instructions if necessary to carry out its responsibilities" and to "[c]ollect the delinquent monies through an organized procedure to include filing lawsuits to collect if necessary." *Id*. at 15. The

---

[1] Additional facts are provided in *Lake County I*, 27 N.E.3d at 1156-60. We observe that the County fails to set forth its statement of the facts in the light most favorable to the nonmovant, USRC, in contravention of Appellate Rule 46(A)(6)(b).

Contract provides that taxes paid to the County prior to filing suit will be paid directly to the Lake County Treasurer and "[USRC] will then file a claim with the County of Lake for fees which should be paid from the funds established." *Id.* at 16. The Contract further provides that USRC is entitled to a commission of 20% on taxes collected from all cases begun before June 4, 2003, and 15% of taxes collected thereafter. *Id.* at 17. Also, the Contract provides that the "services to be performed hereunder by [USRC] shall be undertaken and completed in such sequence as to assure their expeditious completion." *Id.*

[4] "The 'organized procedure' for collecting delinquent monies was for the County to periodically send a disc to [USRC] containing information about properties with delinquent taxes." *Lake County I*, 27 N.E.3d at 1157. Although "the taxes were divided into '*last year taxes*,' or taxes delinquent for less than one year, and '*prior year taxes*,' or taxes delinquent for a year or more", the treasurer instructed USRC to collect only on *prior year taxes*. *Id.* (emphases added). "To initiate the collection process, [USRC] sent a collection letter to taxpayers with delinquent prior year taxes." *Id.* "[USRC] was not entitled to a commission on paid taxes unless a collection letter had first been sent." *Id.* "Every few months, [USRC] would compare the letters it sent to the County's tax payment records and submit a claim for commissions." *Id.* at 1157-58. After the claim was submitted, USRC and the County met and agreed on the amounts that USRC was collecting. *Id.* at 1158.

[5]     The County terminated the Contract in November 2006.[2]  In March 2007, USRC submitted a claim to the County for payment of commissions, which the County paid.  In May 2008, USRC filed its complaint against the County for breach of contract alleging that USRC was owed over $200,000 in unpaid commissions.  The County filed an answer meeting the substantive allegations of the complaint but asserting no affirmative defenses.

[6]     In June 2011, USRC employee Clara Castro and Lake County Treasurer employee Marsha DeMure met and prepared Plaintiff's Exhibit 4, a listing of collection letters, taxes collected, and alleged unpaid commissions.  Exhibit 4 included payments for "last year taxes" and "prior year taxes" and would serve as a major basis for USRC's allegations of unpaid commissions in *Lake County I*.  In the current appeal, Exhibit 4 continues to be significant because USRC alleges that Exhibit 4 supports its current demand for unpaid commissions based on payments for "prior year taxes" for which USRC had not previously submitted claims to the County.[3]

[7]     In June 2012, the parties filed a pretrial order, in which USRC alleged that it was owed over $1,000,000 in commissions and the County argued that USRC had "not supplied any information showing that letters or other follow-up

_____

[2]  The Contract permitted either party to terminate the agreement with or without cause by giving written notice to the other party at least thirty days before the effective date of termination.  Appellant's App. Vol. 3 at 18.

[3] USRC states that in "the vast majority of the collection cases for which USRC seeks commissions, collection letters were sent out in May 2006 and the taxes were paid in the months following those letters." Appellant's Reply Br. at 18-19.

procedures were conducted by [USRC].[4] In other words, [the County is] alleging that [USRC] did absolutely no work to collect any of the taxes." Appellant's Supp. App. Vol. 2 at 4-5.

[8] In December 2012, USRC filed a motion for partial summary judgment. The County filed a response and cross-motion for partial summary judgment. In brief, the parties disputed the meaning of "delinquent monies," as used in the Contract provision wherein USRC agreed to "[c]ollect the delinquent monies through an organized procedure to include filing lawsuits to collect if necessary." *Lake County I*, 27 N.E.3d at 1156. USRC contended that delinquent monies unambiguously referred to *all* delinquent taxes, i.e.,both "last year taxes" and "prior year taxes" that were collected by the County. The County argued that delinquent monies meant only the tax cases the treasurer instructed USRC to pursue, which had included only prior year taxes. Following a hearing, on June 18, 2013, the trial court issued an order ("June 18, 2013 order") granting USRC's motion for partial summary judgment "as it relates to the definition of 'delinquent'" and denying the County's motion. Appellant's App. Vol. 5 at 10.

[9] In September 2013, the County filed a motion for leave to amend its answer to assert the affirmative defenses of laches, estoppel, waiver, and accord and satisfaction. In October 2013, USRC filed a motion for summary judgment

---

[4] The pretrial order mistakenly states "or other follow-up procedures were conducted by Defendant[,]" but logically the County must have meant USRC and not itself. Appellant's Supp. App. Vol. 2 at 4.

asserting that it was entitled to final judgment as a matter of law. In December 2013, the County filed a motion for leave to amend the pretrial order and a response to USRC's summary judgment motion.[5]

[10] In December 2013, following a hearing on all outstanding motions, the trial court entered an order denying the County's motion for leave to amend its answer and motion to amend the pretrial order and granting USRC's motion for summary judgment. The trial court entered final judgment in favor of USRC and awarded damages of $1,076,896.92 and prejudgment interest in the amount of $393,000. *Id*. at 8.

[11] The County appealed and challenged the trial court's grant of USRC's partial summary judgment motion, the denial of the County's partial summary judgment motion, the denials of the County's motion for leave to amend its answer and its motion to amend the pretrial order, and the grant of USRC's summary judgment motion. Appellees' App. Vol. 2 at 22-23. Although the County raised numerous issues, the *Lake County I* court found the following issue dispositive: "whether the trial court properly interpreted the collection contracts as a matter of law and therefore properly granted partial summary judgment to [USRC] and denied partial summary judgment to the County." 27 N.E.3d at 1155-56. In explaining the precise question of interpretation raised in the cross-motions for partial summary judgment, the *Lake County I* court stated,

---

[5] The County's motion for leave to amend its answer and motion to amend the pretrial order are not in the record before us. USRC merely cites to the entries in the chronological case summary.

The specific question presented by the cross[-]motions for [partial] summary judgment was what [USRC] was hired to collect pursuant to the contract provision that [USRC] was to "[c]ollect the delinquent monies." [USRC] took the position that it was to collect *all* delinquent taxes and was entitled to commissions on the total amount, whereas the County took the position that [USRC] was only to collect the [prior] year delinquent taxes as directed by the Treasurer and was only entitled to commissions on that amount even if additional delinquent taxes were paid.

*Id*. at 1161 (citation omitted).

[12] The *Lake County I* court concluded that the trial court erred in interpreting the Contract based on the following analysis:

All the clauses are given meaning when the contracts as a whole are construed to mean that [USRC] is to collect "the delinquent monies" associated with the real property tax collection cases *assigned to it at the Treasurer's instruction* and that [USRC] earns commissions on *those amounts*. That the contracts require [USRC] to be assigned one-hundred percent of the real property tax collection cases means only that no tax collection cases will be assigned to any other entity for collection, not that [USRC] will be assigned all delinquent tax accounts. In other words, the contracts *allow the Treasurer to decide which cases are tax collection cases*, assign *those* to [USRC] and instruct [USRC] to carry out its collection responsibilities with respect to *those cases*. The contracts then require [USRC] to attempt to collect the delinquent monies from *those collection cases* and file a claim for its commissions when *those delinquent monies* are paid to the County.

....

> The trial court erred as a matter of law in determining that the collection contracts meant [USRC] was entitled to collect all delinquent taxes and therefore erred in granting partial summary judgment to [USRC] and denying summary judgment to the County *on this issue*. We reverse the trial court's June 18, 2013 order granting partial summary judgment to [USRC], and remand with instructions for the trial court to enter partial summary judgment for the County on the issue of the interpretation of the collection contracts and to conduct further proceedings on [USRC]'s complaint regarding whether [USRC] is owed any unpaid commissions on *prior year taxes* collected and if so, the amount of those unpaid commissions.

*Id*. at 1161-62 (emphases added).

[13] After the case was remanded, in October 2016, the County moved for summary judgment asserting that, as a matter of law, all of USRC's claims for commissions on collections on last year taxes were barred by *Lake County I*; USRC did not submit claims for commissions on collections on prior year taxes listed in Exhibit 4 in an expeditious or reasonable time; and there is no valid claim for prejudgment interest. Appellant's App. Vol. 2 at 112. USRC responded with its own cross-motion for summary judgment and designated evidence in support thereof arguing that the County's defense, i.e., laches, was waived; the evidence showed that USRC had sent all the collection letters for which it was claiming commissions; and USRC was entitled to $197,628.50 plus prejudgment interest of $136.260.57. Appellant's App. Vol. 7 at 4. The County filed a reply in support of its summary judgment motion and a response to USRC's cross-motion for summary judgment.

Following a hearing, in March 2017, the trial court issued an order ("the Order") granting the County's summary judgment motion and denying USRC's. In relevant part, the Order reads as follows:

> The Court of Appeals' instructions are clear: the trial court is to enter partial summary judgment in favor of Lake County on the issue of the interpretation of the contracts. The Court of Appeals interpreted the contracts to mean as follows:
>
>> The contracts require [USRC] to attempt to collect the delinquent monies from those collection cases and **file a claim for its commissions when those delinquent monies are paid to Lake County**, *County of Lake*, *id.*, 27 N.E.3d at 1161, *emphasis supplied*.
>
> The Court of Appeals found and required this Court to enter summary judgment that the contracts required [USRC] to file a claim for its commissions when the delinquent monies were paid to Lake County. [USRC] failed to do so. As a result, [USRC] cannot prevail on its claim because it failed to prove that it performed what the contracts required it to perform: to make a claim for its commissions when the delinquent monies were paid to Lake County.

Appealed Order at 3-4. The Order grants nothing to USRC by way of its complaint and final judgment in favor of the County. This appeal ensued.

## Discussion and Decision

[15] USRC appeals the grant of the County's summary judgment motion.[6] In reviewing a grant of summary judgment, our standard of review is de novo. *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009).

> On appeal from the grant or denial of summary judgment, we face the same issues that were before the trial court and follow the same process. Summary judgment is appropriate only where the designated evidence shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). We do not weigh the evidence, and we liberally construe all designated evidence in the light most favorable to the nonmoving party. A trial court's grant of summary judgment is clothed with a presumption of validity, and the appellant has the burden of demonstrating that the grant of summary judgment was erroneous.

*Preferred Prof'l Ins. Co. v. West*, 23 N.E.3d 716, 726 (Ind. Ct. App. 2014) (citations and quotation marks omitted), *trans. denied* (2015).

## Section 1 – *Lake County I* does not require USRC to prove that it filed claims for commissions within a particular time period.

[16] USRC first asserts that *Lake County I* does not require USRC to prove that it filed claims for commissions "when the delinquent monies" were paid to the County. The County takes the position that the law of the case doctrine applies to require USRC to prove that it filed claims for commissions "when the

---

[6] USRC does not appeal the denial of its summary judgment motion.

delinquent monies" were paid to the County, with "when" apparently meaning "immediately after" or "soon after." The parties' dispute regarding the effect of *Lake County I* stems from the opinion's statement that "[t]he contracts then require [USRC] to attempt to collect the delinquent monies from those collection cases and file a claim for its commissions when those delinquent monies are paid to the County." 27 N.E.3d at 1161.

[17]   Initially, we note that

> the law of the case doctrine provides that an appellate court's determination of a legal issue binds both the trial court and the appellate court in any subsequent appeal involving the same case and substantially the same facts. …. [A]ll issues decided directly or by implication in a prior decision are binding in all further portions of the same case. …. To invoke this doctrine, the matters decided in the earlier appeal must clearly appear to be the only possible construction of an opinion. Thus, *questions not conclusively decided in the earlier appeal do not become the law of the case*. Moreover, *statements that are not necessary in the determination of the issues presented are dicta, are not binding, and do not become the law of the case*.

*Dutchmen Mfg., Inc. v. Reynolds*, 891 N.E.2d 1074, 1082-83 (Ind. Ct. App. 2008) (emphases added) (citations omitted), *trans. denied*.

[18]   In *Lake County I*, the County raised numerous issues. However, the *Lake County I* court addressed only one issue: namely, the issue raised in the parties' cross-motions for partial summary judgment regarding the interpretation of the Contract. 27 N.E.3d at 1155-56. According to the *Lake County I* court, the specific question raised in the cross-motions for partial summary judgment

"was *what* [USRC] was hired to collect pursuant to the contract provision that [USRC] was to '[c]ollect the delinquent monies.'" *Id.* at 1161 (emphasis added). The parties disputed whether the Contract term "delinquent monies" encompassed *all* delinquent taxes or only those delinquent taxes that the treasurer instructed USRC to collect, which were only prior year taxes. *Id.* The *Lake County I* court concluded that "delinquent monies" meant the tax collection cases assigned to USRC at the treasurer's instruction. *Id.* The *Lake County I* court reversed the trial court's grant of partial summary judgment to USRC and instructed the trial court to enter partial summary judgment for the County "on the issue of the interpretation of the collection contracts," meaning the interpretation of "delinquent monies." *Id.* at 1162.

[19]     *Lake County I*'s statement that "[t]he contracts require [USRC] to attempt to collect the delinquent monies from those collection cases [i.e., those the treasurer instructed USRC to pursue] and file a claim for its commissions when those delinquent monies are paid to the County" is directed to *what* USRC was hired to collect and *what* USRC was entitled to receive commissions on. *Id.* at 1161. In other words, USRC's collection responsibilities pertained only to the cases the treasurer instructed USRC to pursue, and USRC was entitled to commissions only on taxes collected from those cases. *Id.* The statement in issue did not resolve an issue related to time limitations on the filing of claims. Obviously, USRC would not be able to file a claim for commissions before the County received payment of the delinquent taxes; rather, USRC could file a claim only after the County had received payment. Accordingly, *Lake County I*

does not require USRC to prove that it filed claims for commissions within a particular time period.

## Section 2 – The County is not entitled to summary judgment on the basis that USRC unreasonably delayed in filing its claims.

[20] USRC asserts that the County's contention that USRC unreasonably delayed in filing claims for commissions is nothing more than a laches defense,[7] which the County is foreclosed from asserting because *Lake County I* implicitly affirmed the trial court's denial of the County's motions to add affirmative defenses. The County asserts that its contention that USRC unreasonably delayed filing its claims for commissions is not a laches defense but that the timeliness of the filing of claims is a contractual duty, which USRC must prove in its case-in-chief to succeed in its lawsuit to recover commissions. We first consider whether a laches defense is available to the County.

### Section 2.1 – A laches defense is not available to the County.

[21] To the extent that the timeliness of USRC's filing of claims may be considered a laches defense, we note that laches is an affirmative defense that must be

---

[7] "Laches is an equitable defense that may be raised to stop a person from asserting a claim she would normally be entitled to assert." *Angel v. Powelson*, 977 N.E.2d 434, 445 (Ind. Ct. App. 2012). "'Laches is neglect for an unreasonable length of time, under circumstances permitting diligence, to do what in law should have been done.'" *In re Paternity of P.W.J.*, 846 N.E.2d 752, 759 (Ind. Ct. App. 2006) (quoting *Knaus v. York*, 586 N.E.2d 909, 914 (Ind. Ct. App. 1992)).

specifically plead or it is waived.[8] *Huff v. Huff*, 892 N.E.2d 1241, 1249 (Ind. Ct. App. 2008), *revised on reh'g*, 895 N.E.2d 407. The County sought to raise a laches defense in its motions for leave to amend its answer and to amend the pretrial order. The trial court denied both motions. In *Lake County I*, the County argued that the trial court erred in denying its motions, but the court did not address those issues.

[22] We observe that "[t]he law is well-established that an issue is waived if it was available on the first appeal but was not presented." *Citizens Action Coal. of Ind., Inc. v. N. Ind. Pub. Serv. Co.*, 582 N.E.2d 387, 391 (Ind. Ct. App. 1991).

> As noted by the Indiana Supreme Court in *Ohio Valley Trust Co. v. Wernke* (1912), 179 Ind. 49, 99 N.E. 734, 736, … all questions reserved for review by an appellate court must be presented on the first appeal thereafter from a final judgment, or not at all; for thereafter all questions presented by the record will be considered as finally determined and all such questions not expressly affirmed or reversed will, by implication, be deemed affirmed.

*Id*. at 391-92 (brackets omitted); *see also Perry v. Gulf Stream Coach, Inc.*, 871 N.E.2d 1038, 1047 (Ind. Ct. App. 2007) ("'A second, or subsequent appeal or review only brings up for review the proceedings subsequent to the reversal or remand, and all questions presented on the first appeal, including jurisdictional

---

[8] "Whether a defense is affirmative 'depends upon whether it controverts an element of a plaintiff's prima facie case or raises matters outside the scope of the prima facie case.'" *Willis v. Westerfield*, 839 N.E.2d 1179, 1185 (Ind. 2006) (quoting *Paint Shuttle, Inc. v. Cont'l Cas. Co.*, 733 N.E.2d 513, 524 (Ind. Ct. App. 2000), *trans. denied (2001)*). "An affirmative defense is a defense 'upon which the proponent bears the burden of proof and which, in effect, admits the essential allegations of the complaint but asserts additional matter barring relief.'" *Id*. (quoting *Paint Shuttle*, 733 N.E.2d at 524).

questions, will not be considered on the second appeal; also, all rulings on questions not expressly affirmed or reversed will be deemed impliedly affirmed.'") (quoting *Daviess-Martin Cty. Rural Tel. Corp. v. Pub. Serv. Comm'n*, 132 Ind. App. 610, 613, 174 N.E.2d 63, 64 (1961)).

[23] The *Lake County I* court did not expressly address the trial court's denials of the County's motions, and therefore the denials were implicitly affirmed. Accordingly, the County's opportunities to raise affirmative defenses are now foreclosed.[9]

## Section 2.2 - The Contract did not require USRC to expeditiously bill for its services.

[24] USRC notes that its claims for unpaid commissions were submitted to the County during the course of the litigation. USRC argues that submitting a bill for its services is not an essential element of the Contract that it is required to prove in its case-in-chief. The County contends that the Contract provision requiring USRC to expeditiously perform its services applies to the filing of claims, and therefore USRC must prove as part of its case-in-chief that it expeditiously filed its claims.

---

[9] Moreover, the substantive law would preclude the County from asserting laches as a defense to USRC's breach of contract claim.

> Laches, however, acts as a limitation upon *equitable relief*. 12 I.L.E. *Laches* § 26 (2009). "An action for breach of contract is a legal claim, such that laches will not operate to bar the claim when the applicable limitations period has not run." 17B C.J.S. Contracts § [834] (1999). "Thus, mere delay or laches, short of the statutory period of limitations and not connected with such facts as may amount to an estoppel, is not a bar to an action at law on the contract." *Id.*

*Town of New Chicago v. City of Lake Station ex rel. Lake Station Sanitary Dist.*, 939 N.E.2d 638, 652-53 (Ind. Ct. App. 2010), *trans. denied* (2011).

[25] We observe that "[t]he essential elements of a contractual action may be categorized as follows: (1) a valid and binding contract; (2) performance by the complaining party; (3) non-performance or defective performance by the defendant; and (4) damages arising from defendant's breach." *Strong v. Commercial Carpet Co.*, 163 Ind. App. 145, 152, 322 N.E.2d 387, 391 (1975), *clarified on reh'g*, 163 Ind. App. 145, 324 N.E.2d 834, *trans. denied*. Thus, to recover on its lawsuit for allegedly unpaid commissions, USRC bears the burden of proving that it performed its obligations under the Contract.

[26] Under the Contract, USRC was obligated to perform collection services as instructed by the Lake County treasurer. For its collection services, USRC earned commissions on delinquent monies paid to the County. Although the Contract provides that USRC would file a claim for its fees, USRC was hired to perform collection services. Billing is not an essential element of USRC's responsibility to perform collection services; billing is merely an administrative act. As such, the Contract provision requiring USRC to perform its services to assure their expeditious completion does not apply to the filing of a claim for commissions. It is sufficient that USRC submitted its claims during the course of litigation.

[27] We conclude that the trial court erred in granting summary judgment to the County based on USRC's failure to prove that it filed claims. Accordingly, we reverse the grant of the County's summary judgment motion and remand for

further proceedings to determine whether USRC has performed collection services for which it has earned unpaid commissions.[10]

## Section 3 – An award of prejudgment interest is appropriate.

[28] Finally, we address the parties' dispute regarding prejudgment interest because it will come up on remand if USRC proves that it performed the collection services required under the Contract entitling it to unpaid commissions. USRC asserts that it is entitled to prejudgment interest on any judgment in its favor, while the County argues that because the amount of damages is disputed, prejudgment interest is not available.

[29] "Prejudgment interest is awarded to fully compensate an injured party for the lost use of money." *Song v. Iatarola*, 76 N.E.3d 926, 939 (Ind. Ct. App. 2017), *trans. denied*. "An award of prejudgment interest in a breach of contract action is warranted if the amount of the claim rests upon a simple calculation and the terms of the contract make such a claim ascertainable." *Kopka, Landau & Pinkus v. Hansen*, 874 N.E.2d 1065, 1074 (Ind. Ct. App. 2007).

> The test for determining whether an award of pre-judgment interest is appropriate is whether the damages are complete and

---

[10] USRC also asserts that the designated evidence shows that it sent out collection letters on assigned cases and collected prior year delinquent taxes, and therefore "material questions of fact preclude summary judgment for Lake County." Appellant's Br. at 25. We express no opinion on the merits of USRC's designated evidence in support of its summary motion, as the County's summary judgment motion, which USRC is appealing, was not based on this evidence and the trial court did not consider it in granting the motion. We note that the County asserts that *not* all the collection letters designated by USRC in support of Exhibit 4 actually bear dates that correspond to the collection letters listed in Exhibit 4. However, the County acknowledges that if USRC's claims are not barred as untimely, USRC could recover not more than $35,000 for some of the commissions on Exhibit 4. Appellee's Br. at 8.

> may be ascertained as of a particular time. The award is considered proper when the trier of fact does not have to exercise its judgment to assess the amount of damages.

*Town of New Ross v. Ferretti*, 815 N.E.2d 162, 169-70 (Ind. Ct. App. 2004) (citation omitted). "Prejudgment interest is computed from the time the principal amount was demanded or due." *Fackler v. Powell*, 923 N.E.2d 973, 977 (Ind. Ct. App. 2010).

[30] The County asserts that the there is a factual dispute over the amount of damages that USRC is claiming based on Exhibit 4, and therefore prejudgment interest is not available. Appellee's Br. at 29. However, the factual dispute goes to whether USRC performed the collection services under the Contract that would entitle it to the commissions in Exhibit 4. If USRC can establish that it is entitled to a particular commission, the amount of that commission is a simple mathematical computation. The Contract provides that USRC is entitled to commission of 20% on taxes collected from all cases begun before June 4, 2003, and 15% of taxes collected thereafter. Appellant's App. Vol. 3 at 17. Thus, the amount of commissions is ascertainable and rests upon mere computation. Therefore, prejudgment interest is appropriate. However, any prejudgment interest should be computed for each case based on when the commission for that case was ascertainable and demanded.

[31] Reversed and remanded.

Vaidik, C.J., and Mathias, J., concur.